# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Shortridge, et al., | |
| Plaintiffs, | Case No. 2:21-cv-5336 |
| v. | Chief Judge Algenon L. Marbley |
| Centrus Energy Corp., et al., | Magistrate Judge Elizabeth Preston Deavers |
| Defendants. | |

## DEFENDANT MID-AMERICA CONVERSION SERVICES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Under Federal Rules of Civil Procedure 12(b)(2), Defendant Mid-America Conversion Services, LLC ("MCS") moves to dismiss Plaintiff Christine Buttermore's claims for lack of personal jurisdiction. A memorandum in support is attached.

Respectfully submitted,

/s/Richard D. Schuster
Richard D. Schuster (0022813)
    Trial Attorney
Alycia N. Broz (0070205)
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-5475
rdschuster@vorys.com
anbroz@vorys.com

Jacob D. Mahle (0080797)
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease, LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-8589
jdmahle@vorys.com
wrabrams@vorys.com

*Counsel for Defendants Corp., Fluor-BWXT Portsmouth, LLC, and Mid-America Conversion Services, LLC*

I.      **PRELIMINARY STATEMENT**

Plaintiff Christine Buttermore's claims do not belong in the Southern District of Ohio. She is an employee of MCS who alleges that MCS improperly denied her requests to be exempted from MCS's mandatory COVID-19 vaccination policy. Although Buttermore's medical exemption request is still under review and her claims in this litigation are thus premature and improper for the reasons outlined in MCS's opposition to Plaintiffs' request for preliminary injunction, the Court should dismiss her claims for a more basic reason—it lacks personal jurisdiction. MCS is a Delaware LLC with its principal place of business in Lexington, Kentucky. Buttermore lives in Kentucky and works for MCS in Kentucky. The decisions related to Buttermore's exemption requests were made or are being made by people located in either Paducah or Lexington. No part of Buttermore's claims against MCS arise out of MCS's contacts with Ohio and thus the Court lacks personal jurisdiction. The Court should dismiss Buttermore's claims against MCS for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).[1]

II.     **BACKGROUND**

MCS is a Delaware LLC with its principal place of business Lexington, Kentucky. Conrad Decl., Doc. 17 ¶ 2. Buttermore lives in Kentucky and works as a Project Manager for MCS in Kentucky. Compl., Doc. 1 ¶ 24; *see also* Conrad Decl. ¶¶ 3, 16. Buttermore sued MCS on November 17, 2021, alleging that it violated her First Amendment, RFRA, Title VII, and the ADA by denying her an exemption to its vaccine policy. *See generally* Compl., Doc. 1. MCS denied Buttermore's religious exemption request, but her medical exemption request is still

---

[1] MCS has separately moved to dismiss Plaintiff Buttermore's and Patton's claims for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

under review.  Conrad Decl. ¶¶ 18, 21.  The individuals that decided Buttermore's religious exemption request and that are still considering her medical exemption request are located in Paducah, Kentucky and Lexington, Kentucky.  *Id.* ¶ 22.

### III. ARGUMENT

#### A. Standard

Personal jurisdiction is an "essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks omitted) (citation omitted).  The plaintiff "bear[s] the burden of establishing personal jurisdiction."  *Wiggins v. Bank of Am.*, 488 F. Supp. 3d 611, 619 (S.D. Ohio 2020).  In determining whether a plaintiff has met its burden, federal courts in Ohio undertake two independent inquiries: (1) whether personal jurisdiction is proper under the state long-arm statute; and (2) whether the exercise of jurisdiction comports with the due process requirements of the United States Constitution. *Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006).  If a plaintiff fails to meet her burden at either step, the court must dismiss for lack of personal jurisdiction.  *See Wiggins*, 488 F. Supp. 3d at 619-20.

Buttermore cannot prove that jurisdiction comports with due process.  Exercising personal jurisdiction over a non-resident defendant, like MCS, is constitutionally proper only when two conditions are met: (1) the defendant has established sufficient contacts with the forum; and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co.* v. *Washington, 326* U.S. 310, 316 (1945).  Personal jurisdiction comes in two flavors: (1) general personal jurisdiction and (2) specific personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014).

2

### B. The Court Lacks General Personal Jurisdiction over MCS.

The Court does not have general personal jurisdiction over MCS. A court may assert general jurisdiction over an out-of-state business "only when [its] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG*, 571 U.S. at 122. "Establishing that the Court has general jurisdiction over a defendant is an exceedingly difficult task." *Ahkeo Labs LLC v. Plurimi Inv. Managers, LLP*, 293 F. Supp. 3d 741, 749 (N.D. Ohio 2018). "[T]he paradigmatic grounds for general jurisdiction are its (1) place or places of [organization] and (2) principal pace of business." *Id.* (citing *Daimler*, 571 U.S. at 137). MCS is not "essentially at home" in Ohio. MCS is a Delaware LLC with its principal place of business in Lexington, Kentucky. Although MCS does business in Ohio, that is not enough to establish general jurisdiction over it. *See C.T. v. Red Roof Inns, Inc.*, No. 2:19-CV-5384, 2021 U.S. Dist. LEXIS 28032, at *10 (S.D. Ohio Feb. 16, 2021) (Marbley, J.) ("The Supreme Court in *Daimler* rejected this kind of analysis which would subject corporations to general jurisdiction in every state in which they did business.").

### C. The Court Lacks Specific Personal Jurisdiction over MCS.

The Court also lacks specific personal jurisdiction over MCS. The Sixth Circuit applies a three part test to determine whether specific personal jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir. 1972) (internal quotation marks omitted) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Buttermore cannot establish that her claims "arise from" MCS's activities in Ohio.

3

For specific personal jurisdiction, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017). "The mere fact that . . . plaintiffs [who reside in the forum state] allegedly sustained the same injuries as did the nonresidents . . ." does not provide specific jurisdiction over the nonresidents' claims. *Id.* In other words, "the Court must have personal jurisdiction over each Defendant for each claim asserted against them." *Wiggins*, 488 F. Supp. 3d at 623.

For example, in *Bristol-Myers Squibb*, the fact that some California resident plaintiffs had been prescribed the drug at issue, purchased the drug, or obtained and ingested the drug in California, did not allow the court to assert specific personal jurisdiction over the claims of non-California residents who had no such connection to the state. *Bristol-Myers Squibb Co*, 137 S. Ct. at 1781. This Court found similarly in *Wiggins*, a putative class action:

> The Court agrees the Complaint contains no allegations with regard to Plaintiffs Portillo and Mull which connect their claims to Ohio. Plaintiffs do not dispute this point in their opposition. The Complaint does not allege Plaintiffs Portillo and Mull are Ohio residents, visited one of Defendants' banking centers in Ohio, engaged in any transaction with Defendants related to or located in Ohio, or any other allegation that would satisfy the Ohio long-arm statute. Thus, Plaintiffs Portillo and Mull failed to make prima facie showing of specific jurisdiction . . . .

*Wiggins*, 488 F. Supp. 3d at 622. The fact that other plaintiffs' claims arose from the defendants' Ohio contacts did not change the result. *Id.* at 623.

Here, Buttermore's claims have no connection to Ohio. Buttermore's claims arise out of MCS's allegedly improper denial of her exemption requests. *See* Compl., Doc. 1 ¶¶ 10-14. Buttermore lives in Kentucky and works as a Project Manager for MCS in Kentucky. Compl.,

4

Doc. 1 ¶ 24; *see also* Conrad Decl. ¶¶ 3, 16.  The individuals that decided Buttermore's religious exemption request and that are still considering her medical exemption request are located in Paducah, Kentucky and Lexington, Kentucky.  *Id.* ¶ 22.  As in *Bristol-Myers Squibb* and *Wiggins*, the fact that other Plaintiffs' claims in this putative class action are connected to Ohio does not make personal jurisdiction proper for Buttermore's claims.  The Court lacks personal jurisdiction over MCS as to Buttermore's claims, and those claims should be dismissed under Rule 12(b)(2).

**IV.    CONCLUSION**

For these reasons, the Court should dismiss Plaintiff Christine Buttermore's claims against MCS for lack of personal jurisdiction.

Respectfully submitted,

/s/Richard D. Schuster
Richard D. Schuster (0022813)
        Trial Attorney
Alycia N. Broz (0070205)
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-5475
rdschuster@vorys.com
anbroz@vorys.com

Jacob D. Mahle (0080797)
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease, LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-8589
jdmahle@vorys.com
wrabrams@vorys.com

*Counsel for Defendants Fluor-BWXT Portsmouth, LLC, and Mid-America Conversion Services, LLC*